*350 OPINION.
Murdock:
At the hearing the petitioner moved to dismiss that portion of its petition which related to and claimed a salary deduction of $2,400 for the year 1919, and also to amend the petition to allege that the deduction was a proper one for the year 1920. The motion was granted and the taxpayer was given permission to file an amended petition at the conclusion of the case, setting forth this change. At the request of the counsel for the Commissioner, it was also ordered that the amendments would be considered to have been answered by a general denial on the part of the Commissioner. Thereafter the petitioner tendered an amended petition which included not only the proposed changes but also others not mentioned in any motion to amend. This paper was therefore never filed and is not considered as a part of the record in this case.
The petitioner has not produced sufficient evidence to justify the salary deduction claimed for 1920. The method of bookkeeping and of reporting income used has not been shoAvn. If the cash receipts and disbursements method was used, clearly the petitioner is entitled to no deduction since the $2,400 was not paid until 1925. And even if some other method Avas used whereby the additional salary was incurred we can not say that the deduction should be taken inasmuch as there was no satisfactory shoiving that Moore’s total salary for 1920 was reasonable compensation for services rendered. About the only evidence on this point ivas the statement of one of the directors that Moore was a valuable man. Appeal of The Warren Co., 3 B. T. A. 1154; W. K. Henderson Iron Works & Supply Co. v. Commissioner, 6 B. T. A. 92.
The allegations of the petition which relate to the road built in 1920 at a cost of $8,799.50 and turned over to the county in the same year claim the amount as a loss sustained from the sale of a capital asset. Disregarding the solution of many interesting questions which might arise had some other contention been made on account of this transaction and confining ourselves to the issue raised, we are satisfied that no loss was sustained within the meaning of the loss provisions of section 234(a) of the Revenue Act of 1918. The transfer was purely voluntary on the part of the petitioner. It was not without consideration, since the petitioner was to be relieved of the expense of maintaining the road. We have no reason to believe *351 that the promise of the county commissioners to keep the road in repair did not fully compensate the petitioner for whatever it parted with. The net result of the transfer would seem to have been that the petitioner, although retaining all the advantages which it desired, was relieved of an expensive burden. If the transaction was a gift or a dedication to public uses the petitioner would not be entitled ipso facto to deduct anything from its income as a loss.
The remaining contention of the petitioner is that it should be allowed to deduct as an ordinary and necessary expense a portion of the money spent in each year on the roads and sidewalks of its mill village. It admits that some of the money was spent in the acquisition of capital assets and the Commissioner admits that a part of the total expenditures of each year was deductible as an ordinary and necessary expense of that year. The difficulty has been to properly divide the total amounts between the two classes of expenditures.
To prove the amount to be allocated to expense the petitioner asks us to adopt an engineer’s estimates of the amounts which should have been spent in acquiring capital assets and then to subtract these amounts from the known totals spent in each year to arrive at the proper deductions. We do not know why such a roundabout method of proof was employed, but we are not primarily concerned with the method of proof. Our problem is to decide what facts have been proven and what follows as a matter of law from the facts.
In this case we are asked to infer the ultimate fact, the amount actually spent for repair, from an opinion as to how much of the total should not have been so spent. We are satisfied that the amount given in this opinion approximates the amount spent for the original road system and permanent improvements to it. But the engineer admitted on cross-examination that during 1921 it would have cost from $5 to $6 a day to hire a team of horses for this kind of work arid that he had used $5 in his estimates. It was also brought out that the ground had to be cleared of trees, a fact which the engineer does not seem to have considered.
In view of the circumstances we have serious doubts about one-half of the total expended in each year representing expense. We think that the petitioner spent at least $4,000 in 1921, and $4,000 in 1922, for repairs, which amounts it is entitled to deduct from its income of the respective years as ordinary and necessary expenses.

Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Bule 50.

Considered by Mourns and Trammell.